**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 8, 2024**

# In the Court of Appeals of Georgia

A22A1469. BRAY v. WATKINS.

LAND, Judge.

This case is before us on remand from the Supreme Court of Georgia. In the original case, *Bray v. Watkins*, 367 Ga. App. 381 (885 SE2d 802) (2023) ("*Bray I*"), we affirmed the trial court's grant of summary judgment to Stormie Watkins on the ground that the public duty doctrine barred all of Latoya Bray's claims. In *Bray et al. v. Watkins*, ___ Ga. ___ (S23C0836, decided November 7, 2023) ("*Bray II*") the Supreme Court of Georgia granted Bray's petition for certiorari, vacated our opinion, and remanded the case to this Court, holding that we erred in affirming the trial court's ruling on the merits because the trial court did not consider the threshold

jurisdictional question of whether sovereign immunity barred Bray's claims against Watkins in her official capacity. Id. at *2.

In light of the Supreme Court's decision in *Bray II*, we vacate our previous opinion and adopt the Supreme Court's decision as the judgment of this Court. We therefore vacate the trial court's order granting summary judgment to Watkins and remand for the trial court to resolve the sovereign immunity issue in the first instance.[1]

*Judgment vacated and case remanded with direction. McFadden, P. J., and Gobeil, J., concur.*

---

[1] While we are vacating the trial court's order in its entirety, we are doing so for the procedural reason addressed above and as mandated by the Supreme Court. Nothing stated herein should be construed as any indication that we have changed our minds as to the merits of Bray's claims asserted against Watkins in her individual capacity, an issue not addressed by the Supreme Court.